UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW HESS,

        Plaintiff,

        Case No.: 2:25-cv-10665
v.        Hon. Gershwin A. Drain

OAKLAND COUNTY *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL [ECF No. 39]

On March 10, 2025, Plaintiff Andrew Hess filed the instant action against Oakland County, Oakland County Prosecutor Karen McDonald, Oakland County Director of Elections Joseph Rozell, Oakland County Sheriff Michael Bouchard, and Oakland County Sergeant Matthew Peschke. Plaintiff alleges that Defendants violated the First Amendment, Fourth Amendment, Fourteenth Amendment, Second Amendment, and Michigan state law by prosecuting him for his speech at a contentious election recount on December 15, 2023, in Oakland County, Michigan. Notably, that criminal case against Plaintiff was dismissed without prejudice.

1

Plaintiff moved for a Temporary Restraining Order ("TRO") and Preliminary Injunction, seeking to prevent Defendant Karen McDonald from renewing the prosecution of Plaintiff for his speech at the election recount during the pendency of this action. The Court denied Plaintiff's requested relief. *See* ECF No. 36. Thereafter, Plaintiff filed a Notice of Interlocutory Appeal. *See* ECF No. 37.

Presently before the Court is Plaintiff's Motion for Injunction Pending Appeal. ECF No. 39. In order to move for an injunction pending appeal in the Sixth Circuit Court of Appeals, Plaintiff states that he is "ordinarily" required to "move first in the district court." ECF No. 39, PageID.901 (quoting Fed. R. App. P. 8(a)(1)). Although Plaintiff "understands the likely futility of this motion," Plaintiff indicates that he has filed it so that he preserves his right to request the same injunction from the Sixth Circuit. ECF No. 39, PageID.901.

\*\*\*

Rule 62 of the Federal Rules of Civil Procedure provides:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

Fed. R. Civ. P. 62(d). In deciding whether to grant an injunction pending appeal, the district court "must balance the same factors as in evaluating a motion for a preliminary injunction." *Lehnert v. Ferris Fac. Ass'n-MEA-NEA*, 707 F. Supp. 1490,

2

1492 (W.D. Mich. 1989) (citing *Ohio ex rel. Celebrezze v. Nuclear Regul. Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)). Those factors are: (1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits, (2) whether the plaintiff has shown irreparable injury, (3) whether the issuance of a preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by issuing a preliminary injunction. *Id.* (citing *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259, 262 (6th Cir. 1988)).

The Court analyzed these factors as applied to Plaintiff's case at length in its order denying Plaintiff's Motion for TRO and Motion for Preliminary Injunction. *See* ECF No. 36. The Court relies on its reasoning in that order in denying the instant Motion for Injunction Pending Appeal.

Therefore, for the reasons provided in the Court's Opinion and Order Denying Plaintiff's Motion for a Temporary Restraining Order and Motion for Preliminary Injunction [ECF No. 36], Plaintiff's Motion for Injunction Pending Appeal [ECF No. 39] is **DENIED.**

**IT IS SO ORDERED.**

Dated:  September 3, 2025                                         /s/Gershwin A. Drain
                                                                                   GERSHWIN A. DRAIN
                                                                                   United States District Judge